## Meikle *v.* Northwestern National Insurance Company, Appellant.

*Pleading and practice—Premature action—Plea in abatement— Affidavit of defense—Suit on insurance policy.*

1. The allegation that an action is premature is not a defense to the action but to the writ, and judgment upon it, if found true, is not that the plaintiff take nothing by his writ but that the writ be quashed. Such a defense should be set up by plea in abatement or demurrer or affidavit of defense before answering to the merits.

2. In an action upon a policy of fire insurance, the defendant filed an affidavit of defense on the merits without raising any question as to whether the action was prematurely brought, and the case went to trial. After a verdict had been recovered for plaintiff, defendant made a motion for judgment n. o. v. on the ground that the action had been brought within sixty days after satisfactory proof of loss had been furnished the company, although the policy provided that no suit should be brought until more than sixty days thereafter. The lower court discharged the rule and entered judgment on the verdict. *Held,* no error.

Argued Nov. 5, 1913. Appeal, No. 263, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., July T., 1910, No. 957, on verdict for plaintiff in case of Charles A. Meikle v. Northwestern National Insurance Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on insurance policy. SHAFER, J., filed the following opinion:

The action is upon a policy of fire insurance upon personal property. The question tried by the jury was as to the value of the plaintiff's goods and the jury rendered a verdict for the plaintiff for a sum less than his claim. As we understand it, however, the defendant does not press its motion for a new trial. The question raised on the motion for judgment non obstante veredicto is as to whether or not the action is premature.

The policy provides that no suit shall be brought thereon until sixty days after satisfactory proof of loss has been furnished the company. The fire occurred on February 28, 1910. Notice of the fire was promptly given to the company's agent at McKeesport and adjusters representing the company came on the ground on March 18 and March 22, 1910. There was some conflict of testimony and some confusion in the testimony of the plaintiff himself as to what sort of papers he had furnished to the company in addition to the notice of the fire. The plaintiff did testify, however, that he had sent a list of the things which were alleged to be burned, consisting of dental tools and supplies, to the company within a week or two after the fire and before the adjusters came and that he received no reply from the company. Plaintiff's counsel, about the last of April or the first of May, wrote to the company alleging that a proper proof of loss had been furnished the company, whereupon the agent of the company replied, under date of May 3, 1910, to the effect that this was an error, that the company had not received "any satisfactory proof of loss under this claim," and enclosing a blank form of proof of loss to assist the plaintiff in making out a proof. The plaintiff thereupon made out a proof of loss upon the printed form sent him and sent it to the company, it being received by them on May 9th. The claim not having been paid, suit was brought a few days less than sixty days after the sending of the printed proof of loss.

The affidavit of defense sets up in the words of the policy the provision as to books of account, vouchers, etc. It also sets up in like manner in the words of the policy the agreement that the policy shall be void in case of fraud or false swearing by the assured and alleges that the assured had been guilty of such false swearing. The paragraph of the policy which provides that no action shall be brought until after sixty days after satisfactory proofs of loss were furnished, is not set up or referred to in any way in the affidavit of defense. The

affidavit simply alleges that proofs of loss were not furnished on March 18th as plaintiff claims, but were furnished on May 4th and delivered on May 9th, but it is not suggested in any way that this constitutes a defense to the action. As the policy also contains an agreement that no suit shall be brought after one year, the effect of the plaintiff's not discovering his mistake until the trial would necessarily be to preclude any recovery whatever. If the claim had been made by the affidavit of defense that the suit was premature, the plaintiff would have had an opportunity to discontinue his action and begin another one.

The plaintiff claims that, having given evidence tending to show some sort of proof of loss given in March without any objection received from the defendant, it was not necessary for him to furnish any other proof, and that the action, being brought more than sixty days after that proof was received, was not premature. There is no doubt that a retention for a considerable time of a proof of loss without objection amounts to a waiver of objection, but in this case the plaintiff furnished a second proof as if no prior proof had been given. We are, therefore, inclined to the opinion that the defendant under these circumstances would have a right to assume that the plaintiff had abandoned his first proof.

The allegation that an action is premature is not a defense to the action but to the writ and judgment upon it, if found true, is not that the plaintiff take nothing by his writ, but that the writ be quashed. In other words, it is matter of abatement which, strictly speaking, ought to be set up by a plea or demurrer before answering to the merits. That the objection that an action is premature must be set up in this way is laid down in 1 Ency. of Pl. and Pr., 22, supported by the authorities there cited. The Practice Act of May 25, 1887, P. L. 271, by which special pleading is abolished did not abolish pleas in abatement, nor did it alter the existing law in regard to such pleas in any respect. The defendant in this case,

having pleaded nonassumpsit without a plea in abatement or demurrer, would be precluded by the strict rules of pleading from setting up thereafter that the action was prematurely brought. We are not prepared to say that a defendant should be held to this strict rule at this day and if the matter had been set up in the affidavit of defense, we should be inclined to think that he might introduce it under the plea of nonassumpsit, as the affidavit of defense has in our practice to a large extent taken the place of the plea. If the affidavit of defense presented the substance of a good plea in abatement, that would seem to be all that is necessary under our practice. It is, however, a rule of pleading as well as of common justice that a plea in abatement should give the plaintiff a better writ; that is, it should not only point out what is wrong with the writ, but point out that which would make it good. A properly drawn plea in abatement in this case would have alleged the agreement that no suit was to be brought for sixty days after the receipt of satisfactory proofs and that satisfactory proofs were received on a certain day and that therefore no action could be brought before a certain date. We are, therefore, of opinion that the state of the pleadings precludes the defendant from now taking advantage of the provision as to when suit should be brought.

The motion for judgment non obstante veredicto is denied, and it is ordered that judgment be entered on the verdict on payment of the verdict fee.

Verdict for plaintiff for $1,647.07. The court overruled defendant's motion for judgment non obstante veredicto and judgment was entered on the verdict. Defendant appealed.

*Error assigned,* among others, was in refusing to enter judgment non obstante veredicto.

*William A. Jordan,* for appellant.

*A. M. Simon,* with him *W. E. Newlin,* for appellee.

PER CURIAM, January 5, 1914:

The judgment in this case is affirmed on the opinion of the court below, denying judgment for the defendant non obstante veredicto.