First National Bank of McKeesport, Guardian, et al. *v.* United Russian Orthodox Brotherhood of America, Appellant.

Argued April 29, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and RHODES, JJ.

*Louis Vaira,* with him *Paul N. Barna,* for appellant.

*Samuel G. Wagner,* with him *Samuel A. Weiss,* for appellees.

OPINION BY STADTFELD, J., July 15, 1938:

This is an action of assumpsit brought by plaintiffs, beneficiaries on a membership certificate issued by the defendant, United Russian Orthodox Brotherhood of America, a fraternal benefit society.

On January 14, 1935, Stella Shyosky, now deceased, made application for membership to the local lodge of the defendant society. On the same day, she was examined by one Dr. Johns, selected by the local lodge to make the physical examination of the applicant. In her application of that day, she made answer to questions set forth on the application blank and delivered the application, together with the report of the doctor's examination, to the secretary of the local lodge. The papers were then forwarded to the home office of the defendant.

The application blank stated that the applicant had no illness, in answer to a question asking to give the name of each physician she had consulted or who had treated her during the past five years. The following question outlined certain specific diseases and then asked whether the applicant had any serious illness or injury not mentioned above. The answer was in the negative. The next question asked whether the applicant had ever been an inmate of any hospital or sanitarium. Here again the answer was "No."

In the month of February, 1935, the applicant had a thyroid operation performed upon her at the McKeesport Hospital. The applicant had no knowledge on January 14 that she was afflicted with thyroiditis, or goiter, as her own physician deemed it inadvisable to inform her of the fact. The operation was a complete success.

In the following month, March, 1935, the application which had been made in January was returned by the home office of the defendant society to the local lodge, with the information that the form of the application which had been used was obsolete. New forms were transmitted to the local lodge, with instructions to procure a new application and medical examination. The secretary of the local lodge delivered the new form to a niece of the applicant, who took the same to the applicant and informed her that it was necessary to sign the additional papers. Having been signed in blank by the applicant, the new form was then brought by her niece to Dr. Johns, who copied the information from the old form, received from the lodge, into the new form and supplied some additional information. No additional examination of the applicant was made. The new form was then taken to the secretary of the local lodge, who likewise copied upon it the information appearing on the original form, and then transmitted it to the home office.

Upon approval of this application, a death benefit certificate in the amount of $2,000 was duly issued. The premiums were regularly paid by the applicant up to July 10, 1936, when she died from causes in no way connected with her thyroid condition or operation.

Appellant assigns as error the refusal of the court below to enter a compulsory nonsuit. An appeal does not lie from such refusal: *Becker v. Saylor*, 317 Pa. 573, 576, 177 A. 804.

A further question raised by the assignments of error

is that the suit was brought prematurely and contrary to the provision in the by-laws of the society providing that no legal proceedings should be brought within ninety days after receipt of proof of death. "A provision of this kind may, however, be waived by the company by denial of liability prior to the expiration of the time stated": *Curran v. Natl. Life Ins. Co. of U. S. A.*, 251 Pa. 420, 434, 96 A. 1041. So, in the instant case, appellant not only refused to pay the claim upon the filing of the proofs, but rejected the claim entirely by tendering the return of all dues paid for and on account of the certificate of membership in the society.. Under such circumstances, it is not necessary for a claimant to wait for the expiration of the stipulated waiting period within which the insurer may decide whether to pay or reject the claim: See *Western & Atlantic Pipe Lines v. Home Ins. Co.*, 145 Pa. 346, 363, 22 A. 665; *J. P. Cope Hotels Co. et al. v. Ins. Co.*, 126 Pa. Superior Ct. 260, 266, 191 A. 636.

Moreover appellant had nowhere in the pleadings raised the defense of prematurity of the bringing of the suit, as required by the rules of court and by the Practice Act of 1915, as amended, and hence is precluded from making this defense at the trial of the cause, after pleading to the merits and after the entire trial was completed. See *Meikle v. Northwestern Natl. Ins. Co.*, 243 Pa. 557, 90 A. 354.

In the instant case, both the application for membership and the medical examination report signed by the insured contained an express provision to the effect that the falsity of any statements in either waived all claims and benefits against the society. The controlling question, therefore, depends on whether the truth of the statements of the insured contained in the two applications and in the two medical examination reports is to be tested with reference to the date of the first application of January 14, 1935, or with reference to the

date of the second application of March, 1935. As of the former date, the answers are true, but false as of the latter date, for in the interim, during the month of February, 1935, the insured had undergone a thyroid-goiter operation. It was accepted on both sides as an undisputed fact that the operation was a complete success and had nothing to do with the cause of her death on July 10, 1936. Nevertheless, the question as to whether or not it was the understanding of both parties to the suit that the new application was to be considered as of the date of the old one, was entrusted to the determination of the jury. The court below, in its charge, stated: "Certainly, she did know that she had an operation in February, 1935, and she did know that she was in a hospital in February, 1935, and if these answers here were made by her on March 12, 1935, as the defendant contends, that would be sufficient to void this policy. You will determine all of those questions." The jury returned a verdict for the plaintiffs.

It is clear from the evidence that the secretary of the local lodge at no time informed the insured that the application of January, 1935, was unacceptable to the appellant society. Neither did the physician selected by appellant make any subsequent examination of the insured. In fact, the secretary of the local lodge himself, as well as the physician, copied the same information from the old application on to the new form and then transmitted it to the home office. Under such circumstances, it is difficult to understand how the appellant can consider itself to have been imposed upon.

After a careful examination of the entire record, we are of the opinion that the case was fairly submitted to the jury by the court below in its charge, and that there is ample evidence to sustain the jury's verdict.

Judgment affirmed.