## Di Gregorio, Admr., Appellant, v. Skinner et al. (No. 2).

Argued Dec. 5, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Michael A. Foley,* with him *Daniel G. Murphy,* for appellant.

*Max E. Cohen,* for garnishee-appellee.

OPINION BY MR. JUSTICE DREW, March 19, 1945:

This appeal by the Administrator of the Estate of Carmen Di Gregorio, Deceased, is a companion one to those filed at Nos. 202, 203, 204 and 205 January Term, 1944 (this date decided); and is from an order discharging a rule for judgment against Farm Bureau Mutual Automobile Insurance Company, garnishee, for want of sufficient answers to interrogatories.

The garnishee company issued a policy of insurance to Alice J. Daniels covering liability for accidents from the operation of a 1-½ ton truck owned by her. The policy indemnified not only Mrs. Daniels, the insured, but also "any person while using the automobile and any person . . . legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured . . ."; and limited liability to $5,000 for bodily injury to each person. The truck, with William H. Skinner as driver, was rented by Mrs. Daniels to Morris Berg. On November 11, 1942, while this bailment was in effect, the truck struck appellant's decedent, causing fatal injuries. Thereafter a suit in trespass was brought under the "death" and "survival" statutes by appellant against Mrs. Daniels and Skinner, and a similar action against Berg. The suits were consolidated and tried together, and resulted in a compulsory non-suit being entered as to Mrs. Daniels, and verdicts being rendered against Skinner and Berg. After argument, however, the learned court below took off the non-suit as to Mrs. Daniels, granted a new trial to Berg, and refused Skinner's motions for a new trial and for judgment n. o. v. Mrs. Daniels and Skinner filed appeals in this Court, but posted no appeal bonds. Appellant then caused to be issued and served an attachment sur judgment against Skinner, summoning the appellee insurance company as garnishee. Answers to the interrogatories having been filed, wherein the garnishee admitted issuing the policy to Mrs. Daniels, and also stated, inter alia, that as a result of its investi-

gation "garnishee determined that William H. Skinner was in the general employ of Alice J. Daniels on November 11, 1942, but at the time and place of the occurrence was under the control and direction of one Morris Berg, and therefore, the said William H. Skinner was then and there a special employee of the said Morris Berg. Further, that the operation of the truck was with the knowledge and consent of Alice J. Daniels who had been paid a fixed sum of money by said Morris Berg for the use of the driver, William H. Skinner, and her truck on the day of the occurrence." Thereupon appellant took a rule on the garnishee for judgment in the amount of $5,000, with interest and costs. The court below discharged this rule and appellant entered the present appeal.

The only question before us is one of law and involves primarily the interpretation of the following provision of the policy issued by the garnishee to Mrs. Daniels: "Action against Company—No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor, *until the amount of the insured's obligation to pay shall have been finally determined either by judgment* against the insured after actual trial or by written agreement of the insured, the claimant and the company." (Italics added.)

In view of our affirmance of the judgments entered against Skinner, there can now be no question as to the finality of the cause of action as to him. That, we are convinced, solves the present controversy, for "the amount of the insured's obligation to pay" has "been finally determined." The mere fact that the agency of Skinner at the time of the accident has not as yet been determined cannot relieve the garnishee company of its obligation to pay the judgments entered against Skinner to the extent of liability under the policy. Since the policy expressly indemnified Skinner for the reason that he was driving the truck "with the permission of the

named insured", whether he was in fact the employee of Mrs. Daniels or Berg when the accident occurred makes no difference.

Order reversed, and judgment is here entered for appellant in the sum of $5,000 with interest. Costs to be paid by appellee, Farm Bureau Mutual Automobile Insurance Company.