Luckenbaugh *v.* Haughawout et al., Appellants

Argued January 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Richard A. Brown,* with him *Swope, Brown & Swope,* for appellants.

*Arthur Markowitz,* with him *Eugene V. Bulleit, Bulleit & Bulleit* and *Markowitz, Liverant, Wogan & Ruch,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1946:

Plaintiff brought this suit in trespass to recover damages for severe and permanent personal injuries alleged to have been sustained by him as the result of the negligence of defendants. The jury found for plaintiff in the sum of $10,000, and after defendants' motion for a new trial and judgment notwithstanding the verdict were overruled, and judgment entered on the verdict, defendants appealed.

On the night of January 16, 1942, plaintiff drove his automobile into a garage for repairs—he thought it was consuming too much gasoline. After the car was inspected the garage mechanic suggested that it be taken out upon the highway and operated and the consumption of gasoline measured. The mechanic then disconnected the gasoline tank, attached the end of a hose to the carburetor and placed the other end in a one-gallon glass jug which was filled with gasoline. He got into the front seat of the car and placed the jug on the floor between his feet, directing the plaintiff to get in and drive the car. They measured the distance they travelled until the jug became empty, and in this way they were able to determine the amount of mileage received for a gallon of gasoline. When the jug became empty it was refilled and the process was repeated.

Plaintiff's car was being operated on the main highway, and at an intersection a truck owned by defendants and operated by their servant, came out of a side road and directly in front of plaintiff's car, resulting in a collision. There is no doubt of the negligence of the driver of defendants' truck, and the jury so concluded. Plaintiff's car caught fire at the point of contact, at the front of the engine, and the flames spread and ignited the gasoline in the jug which resulted in plaintiff being severely burned and in the death of the mechanic.

At the trial the court submitted to the jury the question of whether the happening of the accident, that is, the collision of the two vehicles, was caused by the negligence of defendants' employee and whether the plaintiff was guilty of contributory negligence. The jury found that defendants' negligence was the proximate cause of the accident and that plaintiff was not guilty of contributory negligence. These conclusions are well supported by the testimony and since, on a motion for judgment n. o. v., any doubts will be resolved in favor of the plaintiff, the testimony to be considered in the most favorable light to him, there can be no reason for disturbing the jury's findings on this motion for judgment: *DiGregorio v. Skinner*, 351 Pa. 441; 41 A. 2d 649.

The only question in the case concerns the presence of the jug of gasoline in the front of the car. It certainly had nothing to do with the collision but it is true that if it had not been there plaintiff would have received no injuries. The only serious injuries he did sustain were caused by the burning of the gasoline in the jug. The ignition of that gasoline was caused by the impact of the vehicles.

Plaintiff assumed any risk incident to the explosion or burning of the gasoline in the jug but he did not assume the negligence of another person upon the highway. The circumstances were not such that he was bound to anticipate that defendants' driver would be guilty of negligence. The proximate cause of the accident was the collision and not the presence of the gasoline in the jug.

In *Fredericks v. Atlantic Refining Co.*, 282 Pa. 8, 16, 127 A. 615, we said: "Plaintiff assumed only the usual and ordinary risks, and not the risks which became extraordinary through negligence. It does not lie in the mouth of one at fault to complain of another's lack of care when the care in question is made necessary only because of the former's wrongful act, and would not be needed under ordinary circumstances. Plaintiff cannot be charged with negligence simply because he failed to

anticipate negligence on the part of another which resulted in injury." See *Gould v. McKenna,* 86 Pa. 297.

In a very similar case in California, *Harrison v. Harter,* 129 CA. 22, 29, 18 Pac. 2nd 436, where plaintiff was carrying a five-gallon can containing three and one-half gallons of gasoline between the cab and the body of his truck when the truck was struck as a result of the negligent operation of defendant's vehicle, the gasoline exploded and plaintiff was seriously burned. There, as here, the defendant contended that the plaintiff was guilty of contributory negligence as a matter of law. The court said: "The law simply requires that degree of care which the substance handled requires in order to protect life and property. It does not mean that the one who has such substance in charge is without remedy if another negligently, carelessly and in violation of the law produces the injury. It is true that in the present instance, without the gasoline, there would have been no fire, but without the collision there would have been no fire, regardless of where the gasoline was carried. In other words, it was not the carrying of the gasoline that caused the trouble; it was the collision following the reckless driving of the appellant. . . . The reasonable rule we hold to be that the one who negligently institutes the cause which in continuous sequence results in the ultimate injury, is liable for whatever damages ensue."

At the trial the court submitted to the jury the question whether the attachment to the carburetor was an efficient superseding cause of plaintiff's harm. Defendants did not except to this portion of the charge or enter a general exception to the charge, but they now contend that this instruction was misleading to the jury. As the court has said in its opinion: "If the jury were mislead by this instruction they were mislead in the defendant's favor, as the defendants were entitled to nothing more than an instruction on proximate cause, which was given, and, as we have shown above, the carburetor attachment was not a proximate cause of the harm. By intro-

ducing the element of superseding cause an additional burden was placed upon the plaintiff, so that the defendants were not harmed."

Judgment affirmed.