### ARSHT v. HATTON (BUNIN, Third-Party Defendant; KEYSTONE AUTOMOBILE CLUB CASUALTY CO., Garnishee).

#### No. 6774.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1948.

See also 72 F.Supp. 851.

Samuel Polsky and Melvin Alan Bank, both of Philadelphia, Pa., for plaintiff.

Henry Temin and Todd Daniel, both of Philadelphia, Pa., for garnishee.

McGRANERY, District Judge.

This is a motion for a summary judgment, which raises a clear-cut issue of law: has a judgment which has been appealed from after actual trial been "finally determined" within the meaning of a condition in an insurance contract?

Plaintiff originally brought suit for damages sustained in an automobile accident and received a verdict and judgment for $6,500. Defendant's motion for judgment n. o. v. or for a new trial was denied, and within the time allowed by law an appeal was taken to the Circuit Court of Appeals. The bond for cost of appeal was filed, but a supersedeas bond was not. Plaintiff issued an attachment sur judgment against the Keystone Automobile Club Casualty Company, which had insured defendant for automobile body injury liability up to $5,000

to any one person. The garnishee insurance company conducted defendant's case at trial and offered to post a bond for the limit of its liability, but this offer plaintiff refused. Upon these facts there is no disagreement.

The policy which is the basis of plaintiff's motion for summary judgment provides:

. "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, *nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial* or *by written agreement.* * * *"* (Emphasis supplied.)

The parties agree that the basic issue is whether garnishee is presently liable under this condition.

During oral argument and in the briefs plaintiff has vigorously urged that the question should be decided as a matter of federal law, without reference to the law of Pennsylvania. Thus, he has argued that what is involved here is the finality of a federal judgment, and that a federal court must be the final arbiter of the effect of its own judgments. Therefore, plaintiff contends, defendant is impaled upon the horns of a dilemma: if the judgment is "final" enough to be appealed from, then the insured's obligation to pay has been "finally determined"; if the obligation has not yet been "finally determined," then defendant cannot appeal, because the judgment against him is not "final." In either event, plaintiff contends, garnishee is now liable.

■ However, the entire argument rests upon an unsound premise and the dilemma begs the question. The dilemma is real only if the meaning of "finally determined" in the insurance policy is the same as the meaning of a "final" judgment, for purposes of appeal in the federal courts. Clearly, no dilemma would exist if the policy had provided that no action would lie until the amount of the insured's obligation to pay shall have been finally determined *by judgment which has been affirmed on appeal, or which can no longer be appealed from.* But garnishee's contention is that the phrase "finally determined by judgment" means just that. If he is correct, there is no dilemma. Moreover, it is not true that what is involved is only the finality of a federal judgment, although even if that were the whole issue a federal court need not, as contended, be the sole arbiter of its judgments. Certainly there are situations when state, not federal, law will decide the effect of a former judgment in the federal courts; e.g. when the question is whether the doctrine of res adjudicata applies. Cf. Hassenplug v. Victor Lynn Lines, D.C., 71 F.Supp. 70, affirmed 3 Cir., 163 F.2d 828. But the error in plaintiff's case is more fundamental, for his statement of the issue does not go far enough. The question raised by plaintiff's motion is not merely the finality of a federal judgment but whether the judgment against insured is final within the meaning of the insurance policy. On the facts of the instant case, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, state, not federal law, should control resolution of that issue. It may be that plaintiff is actually arguing that the issue is, for purposes of the Erie case, not substantive, but procedural. But even accepting what I think is an incorrect characterization (See Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908, 911) would not change the applicable law. Under Rule 64 of the Federal Rules of Civil Procedure, 28 U.S. C.A., "the law of the state in which the district court is held," with certain exceptions not relevant here; resolves the procedural issues involved in seizure of person or property. Cold Metal Process Co. v. McLouth Steel Corp., 6 Cir., 126 F.2d 185; Edner v. Mathews, D.C., 44 F.Supp. 873.

■ Since Pennsylvania law controls, then, I feel that the motion for summary judgment should be denied. In a recent case, involving an insurance policy identical in material respects to the one involved . here, attachment was issued against an insurance company after the insured had taken an appeal from a judgment against him without posting a bond. The Court of Common Pleas, No. 1, Philadelphia County,

refused judgment on the attachment. On appeal, the Supreme Court of Pennsylvania considered this issue and the case against insured on the merits in companion cases. After affirming the judgment against insured on the merits (Di Gregorio v. Skinner et al. (No. 1), 351 Pa. 441, 41 A.2d 649), the Court said, Id., (No. 2), 351 Pa. 448, 450, 41 A.2d 653, 654, 159 A.L.R. 760:

"The only question before us is one of law and involves primarily the interpretation of the following provision of the policy issued by the garnishee * * *: '* * * No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor, *until the amount of the insured's obligation to pay shall have been finally determined either by judgment* against the insured after actual trial * .* *.'

"In view of our affirmance of the judgments entered against Skinner (the insured), there can now be no question as to the finality of the cause of action as to him. That, we are convinced, solves the present controversy, for 'the amount of the insured's obligation to pay' has 'been fully determined.' * * *"

The Court's view clearly was that affirming a judgment on appeal "finally determines" the "obligation to pay," and, I feel its opinion indicates the converse view as well; i.e., prior to affirmance on appeal, the obligation is not yet finally determined. This conclusion is reinforced by the fact that the lower court had regarded the obligation as not yet "finally determined" on an entirely different ground; i.e., two co-defendants covered by the same policy, were to be tried again.

Neither counsel has called to my attention, nor does independent research reveal, any Pennsylvania cases indicating a contrary conclusion. The cases cited by plaintiff are not concerned with the precise issue before the Court. Accordingly, therefore, I feel that under the applicable law plaintiff's motion must fail.

However, plaintiff finally contends that in any event, the case is governed by a Pennsylvania statute, 40 P.S.Pa. § 117, which provides that:

"No policy of insurance * * * shall hereafter be issued * * * unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages * * * and stating that in case execution against the insured is returned unsatisfied * * * because of such insolvency or bankruptcy, then an action may be maintained by the injured person * * * against such corporation, *under the terms of the policy,* for the amount of the judgment * * *." (Emphasis supplied.)

Since the reason plaintiff cannot execute judgment against defendant, even though no supersedeas has been filed, is defendant's admitted financial irresponsibility, plaintiff argues that the insurance company must immediately be liable to the amount of its policy. However, the statute makes clear that the right given plaintiff is suit against the insurance company for its liability under the terms of the policy, and it is the Court's conclusion that the company is not yet liable under the policy, either to the insured or plaintiff. Cf. Ferguson v. Manufacturers' Casualty Ins. Co. of Philadelphia, 129 Pa.Super. 276, 195 A. 661; Selden v. Metropolitan Life Ins. Co., 354 Pa. 500, 47 A.2d 687.

Accordingly, therefore, judgment for plaintiff on his motion for summary judgment will be denied.