## Constanzo et al. v. Sabatini, etc.

*Edward M. Goldsborough*, for plaintiffs.
*Frank Carano*, for defendant.

CRUMLISH, J., June 23, 1950.—On March 26, 1947, in Philadelphia, there occurred a two-car collision which gave rise to this action in trespass. On June 6, 1947, plaintiffs, driver and passenger of one of the cars, filed their complaint alleging that they suffered personal injuries and property damage as the result of

the negligence of defendant's servant, the driver of defendant's truck, the other vehicle involved. On June 18, 1947, this complaint was served on defendant, and June 23, 1947, counsel entered appearance for defendant. On January 9, 1950, defendant, without leave of court, filed an answer denying ownership of the truck and agency of the driver and alleging that the truck was owned by Joseph Sabatini, whose servant was operating it at the time of the collision. On February 2, 1950, plaintiffs' rule to show cause why this answer should not be stricken, filed January 18, 1950, was made absolute. Defendant then filed the petition now under consideration for leave to file his answer after the expiration of the statutory 20 days— more than two and one-half years after service of the complaint on him.

Defendant's petition sets forth:

"The defendant is in the general contracting business and at the time he was served with the . . . Complaint he assumed that one of his employees was involved in the accident referred to in said Complaint. Defendant has subsequently become apprised of the fact a servant of his son Joseph Sabatini, also engaged in the contracting business, was involved in the accident referred to in the Complaint."

Plaintiffs answered the petition asking ". . . the Court to take judicial notice of the fact that inasmuch as more than two years . . . elapsed between the time of the service of Plaintiffs' complaint upon the Defendant and the Defendant's attempt to avoid responsibility by denying agency, ownership and operation of the vehicle involved in the accident set forth in the Complaint, the Statute of Limitations would long since have run against the owner or employer of the operator of the vehicle involved in the accident, if, in fact it was someone other than the defendant herein."

Pa. R. C. P. 1026 provides that the answer which defendant now wants to file more than two and one-half years after the service of the complaint was due 20 days after service on June 18, 1947. Rule 1045(*b*) provides that a defendant who fails to file an answer in trespass is deemed to admit the ownership of the instrumentality, the identity of the person by whom the act was committed, and the agency of such person: Goodrich-Amram, Standard Pennsylvania Practice, commenting on rule 1026, at page 132, observes: "The time for the answer may be extended by the court, or by the agreement of counsel, without limit, in all cases . . ." The commentary then distinguishes between practice under the new rules and practice under the Act of 1915, noting that under the 1915 Act leave to file a late answer was required in trespass actions but not in assumpsit actions (see Gross v. Dickinson, 4 D. & C. 505 (1924) and Kessler et ux. v. Eisenlohr, 22 D. & C. 630, 631 (1935)) and giving as the reason for the distinction the fact that a trespass action was at issue under the Act of 1915 if no answer was filed within the 15 days allowed. However, the requirement for leave was dispensed with when to ask it would be merely a formal gesture: Halbe et ux. v. Rand, 20 D. & C. 559 (1934). Now, under the rules, provision is made for the extension of the time allowed for the filing of pleadings by "agreement of the parties" or by the court "on cause shown," whether the action be trespass or assumpsit: rule 1003. Furthermore, since rule 1045(*b*) provides that the averments of agency, instrumentality, and identity are admitted if no answer to the complaint is filed in trespass within 20 days, it follows that unless the late answer is filed "by agreement of the parties" the court must determine whether the late filing is justified by the cause which the pleader shows. Under the Practice Act leave to file a late answer was granted at the court's

discretion upon cause shown when it appeared that plaintiff would suffer no prejudice nor be denied substantial rights as the result of the late filing: Halbe et ux. v. Rand, supra, and cases there cited. The requirement for leave was "to afford the court an opportunity to ascertain whether substantial prejudice to plaintiff would ensue if leave (was) granted": Molaskey et al. v. Crisan et al., 62 D. & C. 336, 341 (1947). Under the rules, in the absence of an agreement between the parties, the time for filing pleadings may be extended by the court on cause shown: rule 1003. Granting the right to file late or denying it is within the discretion of the court, and, necessarily, the late pleader may have to ask leave from the court in order that the cause for the late filing may be reviewed. Cf. Molaskey et al. v. Crisan et al., supra, at page 342, decided under the Act of 1915, and Corbett v. LaGrotta et al., 65 D. & C. 480 (1948), decided under the rules, cases where the merits of defendant's cause for filing late were brought out in plaintiff's petition to strike. Rowley, P. J., speaking for the Court of Common Pleas of Mercer County in the Molaskey case, agreed with the "rational conclusion" of Halbe et ux. v. Rand, supra:

". . . since, under the circumstances, had leave been asked to file the affidavit of defense we would have granted it, we will not now strike it off for that reason."

McCreary, P. J., speaking for the Common Pleas Court of Beaver County in the Corbett case recognized the same principle at page 485:

"We believe that a defendant, in an action of trespass, has a right to file an answer denying agency after the expiration of 20 days from the date of service of the complaint, with notice to plead, in all cases where plaintiff does not aver in his motion to strike off

that he has been prejudiced by the action of defendant in filing his pleading later."

In the case under consideration plaintiffs in their motion to strike the answer filed by defendant did not aver any facts which showed prejudice; nothing of record which indicated that plaintiffs would be prejudiced appeared until plaintiffs answered defendant's petition for leave to file the answer late. Under the rules whether or not a good cause was shown by defendant without prejudice to plaintiffs could have been determined on plaintiffs' petition to strike and defendant's answer thereto. The result, however, is the same no matter which procdure is followed here, but the short cut permitted by the rules saves dallying in asking for leave.

"Upon the petition to strike off, plaintiffs were afforded the same opportunity to show prejudice as if the question had arisen upon defendant's petition for leave": Molaskey et al. v. Crisan et al. supra, at page 342.

Granting an extension of time "on cause shown" puts within the discretion of the court the allowance of the pleading just as under the Practice Act when leave was asked: DiGregorio Admr. v. Skinner et al. (No. 1), 351 Pa. 441 (1945). Generally, the practice under the 1915 Act was to be liberal and to allow the filing of the late answer so long as plaintiff's substantial rights were not affected (Halbe et ux. v. Rand, supra), but plaintiff had to show that he would be prejudiced if he wanted the late answer denied or stricken off: Lobb v. Stitzinger, 4 D. & C. 504 (1924). Under the act it was settled that plaintiff was prejudiced (1) by the loss of witnesses, or (2) by the running of the statute of limitations against him where he relied on defendant's failure to answer or to answer specifically as an admission of the averment of agency and defendant then attempted to file an answer later

denying agency: Lobb v. Stitzinger, supra, and Maimon et al. v. Yellow Cab Co., et al. 16 D. & C. 438 (1931).

A situation similar to the one we have here was considered in Boles v. Federal Electric Company, 89 Pa. Superior Ct. 160, 163-164 (1926), where leave was asked to amend an answer in order to deny agency, previously admitted by the pleadings. The court said:

". . . an amendment could not, with justice, have been permitted . . . Four years had elapsed since the accident . . . and two years since the case was put at issue. In the meanwhile the statute of limitations had run, and a suit against any other person was barred. In other words, the plaintiff . . . was deprived of all chance to recover . . . There is reason for requiring from a defendant, in such a case as this, a prompt and certain statement of his relation to the individual whose negligence causes injury to a plaintiff . . ."

In the instant case defendant avers in his petition that it was his son's servant who was driving the truck involved in the collision referred to in the complaint and that the truck, too, was his son's. He alleges he became apprised of these facts between the service of the complaint and the filing of the late answer. Defendant apparently waited more than two and one-half years to investigate or at least to inform plaintiffs of the results of his investigation of plaintiffs' allegations. Although defendant gives no reason for his laxity, it appears that careless neglect or indifference was the reason for the delay. Plaintiffs were prompt in instituting their action, yet defendant's procrastination might deprive them of any chance to recover were leave to answer now granted, for the statute of limitations protects him whom defendant alleges to be liable. In Laird et al. v. Herington et al., 31 Erie 115 (1947), the court, in disallowing a late amendment to the pleadings on the second day of trial, said:

"We apprehend that liberality in amendments is the watchword of modern pleading . . . But liberality in allowing amendments does not imply that courts should be liberal with another's cause."

Defendant here has not alleged any insurmountable obstacle which prevented his determining earlier that his servant was not involved in the collision with plaintiffs. On the other hand, plaintiffs, through no fault of their own, may be deprived of their right of action if the answer is allowed. Defendant's petition for leave to file his answer late is, therefore, denied.