Howard LARSON

v.

DAUPHIN REALTY COMPANY, Inc., Daniel V. Straff, Raymond Straff, Washington Hotel Garage

and

Joseph Prager and Pearl Prager

and

Boston Insurance Company, Garnishee.

Civ. A. No. 26847.

United States District Court E. D. Pennsylvania.

April 30, 1964.

See also, D.C., 224 F.Supp. 989.

tachment Execution to the garnishee were filed on January 24, 1964.

In its Answer, the Boston Insurance Company admits that it provides the defendant with insurance in the amount of $25,000.00, but contends that it is not obligated to post security for its insured in any Court, and further, that under the policy the instant judgment having been appealed is not a *final determination* of the garnishee's obligation to its insured.

■ We disagree. The Boston Insurance Company has undertaken the complete charge of the defense in this action, and posting security as required by Rule 73 is a very important aspect of such representation not to be avoided by the insurer.

■■ To accept the insurer's interpretation of its obligations under the policy does violence to the very purpose of insurance and the clear language of the contract as selected by the Boston Insurance Company. The clause in issue which conditions the insurer's obligation to pay reads as follows:

> " * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against after actual trial or by written agreement. * * * "

No one questions the finality of this judgment for purposes of appeal,[1] but the insurer argues, as far as its obligation to pay is concerned, "finally determined either by judgment" means *affirmed on appeal* even though such words are absent from the policy. Where an insurer has selected particular language for its contract it may not interlineate additional phraseology merely because it now finds the contract to be burdensome. If the insurer wanted to protect itself against such a situation as is involved in the instant case it could have easily so provided by apt language such as "by judgment which has been affirmed on appeal" or some other appropriate selec-

John F. Naulty, Philadelphia Pa., for plaintiff.

O'Brien & Pressman, John J. O'Brien, Jr., Philadelphia, Pa., for Dauphin Realty Co.

WOOD, District Judge.

This is a motion for summary judgment against a garnishee insurance company. On October 16, 1963, judgment was entered in an action for personal injuries against the Dauphin Realty Company for the sum of $86,000.00. This judgment has been appealed and is presently before the United States Court of Appeals for the Third Circuit awaiting decision.

Neither the defendant, Dauphin Realty Company, nor its insurer, the Boston Insurance Company, has filed a supersedeas bond to stay execution of the judgment as required by Fed.R.Civ.P. 73(d). A writ of execution issued against the defendant on December 18, 1963, but the plaintiff has not yet sold the defendant's assets.

On January 20, 1964, a writ of execution was filed against the Boston Insurance Company and Interrogatories in At-

---

1. Under Pennsylvania law such a judgment is final for all purposes until reversed.

In re Wallace's Estate, 316 Pa. 148, 74 A. 397 (1934).

tion of words. Zeitz v. Zurich Gen. Acc. & Liab. Ins. Co., 165 Pa.Super. 295, 301, 67 A.2d 742 (1949). We find no ambiguity in this language, but even if one did exist we would construe it against the insurer which drafted the contract.

The insurer, having assumed the complete and exclusive control of the defense in this action, has adopted the liability of its insured with all of the attendant consequences flowing from a final judgment.

This Court has had occasion to consider a policy provision similar to the clause involved in this matter. In Arsht v. Hatton, 80 F.Supp. 148 (E.D.Pa.1948), our late colleague, Judge McGrannery, concluded that such a policy clause prevents judgment and execution against an insurer until the appealed judgment has been affirmed. In reaching this decision the Court applied Pennsylvania law as delineated in the case of DiGregorio v. Skinner, 351 Pa. 448, 41 A.2d 653, 159 A.L.R. 760 (1945). However, the Pennsylvania Supreme Court in DiGregorio never actually ruled that a judgment which had been appealed is not a final determination within the terms of the insurance policy because in a companion case decided the same day the Court had affirmed the judgment of the lower Court in DiGregorio v. Skinner, 351 Pa. 441, 442, 41 A.2d 649 (1945).

The Supreme Court said at page 450 of 351 Pa., at page 654 of 41 A.2d, 159 A.L.R. 760:

> "In view of our affirmance of the judgments entered against Skinner, there can now be no question as to the finality of the cause of action as to him. That, we are convinced, solves the present controversy, for 'the amount of the insured's obligation to pay' has 'been finally determined.'"

Applying "converse" reasoning this Court in the Arsht case, supra, 80 F. Supp. at p. 150, reasoned as follows:

> "The Court's view clearly was that affirming a judgment on appeal 'finally determines' the 'obligation to pay,'

and, I feel its opinion indicates the converse view as well; i. e., prior to affirmance on appeal, the obligation is not yet finally determined."

While we are extremely reluctant to disagree with a prior holding of a fellow judge we feel that such occasions do arise which require a disregard of the principle of *stare decisis*. One such occasion is presented by this case wherein it is not inconceivable that while appellate proceedings are pending, this insurer could become insolvent and deprive the plaintiff of an available source for satisfaction of his judgment. The equities of this case compel us to grant the plaintiff's motion for summary judgment.